# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2016

Lyle W. Cayce
Clerk

SCARLETT DALTON, Individually, and as Executrix of the Estate of Larry Brooks, Deceased,

     Plaintiff - Appellant

v.

RICHARD HUGH MCLARTY,

     Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:15-CV-134

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Scarlett Dalton appeals the district court's dismissal of her suit against Richard McLarty for lack of standing. Dalton is the Executrix of the Estate of Larry Brooks. Brooks owned approximately eleven percent of Equity Capital Management LLC, a Mississippi limited liability company. Equity was established as a vehicle for distributing payouts from a promissory note

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

executed by Albany Industries, Inc., a furniture manufacturer based in Mississippi. McLarty is both the Chief Executive Officer of Albany and the former managing member of Equity. At its founding, Equity was managed by McLarty and was comprised of nine members: McLarty, three of his family members, four Albany employees, and Brooks (succeeded in interest by Dalton). Albany began to fall behind on its note to Equity in 2012. McLarty, as Chief Executive Officer of Albany, failed to increase the note's interest rate as required under its terms. In response to Dalton's criticism of these actions, McLarty called a special meeting of Equity's board, which ratified McLarty's actions relating to the promissory note. In 2015, Albany ceased making payments to Equity.

Dalton commenced a direct action against McLarty for a breach of his fiduciary duties to Equity. Dalton argued that McLarty's actions constituted a clear conflict of interest between his responsibilities as Chief Executive Officer of Albany and his duties as manager of Equity. McLarty averred that he had been acting in Equity's best interests because attempted enforcement of the promissory note would have further threatened Equity's future receipt of payments from Albany. During the course of litigation, the district court, *sua sponte*, raised the issue of whether Dalton had standing under Mississippi law, to pursue her claim directly against McLarty, as opposed to derivatively on behalf of Equity.

Under Mississippi law, a member of a LLC suing for injuries sustained by the LLC only possesses derivative rights and lacks standing to proceed on their own behalf. *Mathis v. ERA Franchise Sys., Inc.*, 25 So. 3d 298, 301 (Miss. 2009). However, because Equity is a closely held entity, an exception known as the *Derouen* doctrine permits a direct action by a member as long as it does not "(i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of the creditors of the

corporation, or (iii) interfere with a fair distribution of the recovery among all interested parties." *Derouen v. Murray*, 604 So. 2d 1086, 1091 n. 2 (Miss. 1992) (quoting American Law Institute, *Principles of Corporate Governance: Analysis and Recommendations* § 7.01(d) (1992)) (internal quotations omitted).  After briefing by the parties, the district court determined that because not all members of Equity were parties to the lawsuit, it could expose McLarty to multiple suits and result in inequitable distribution of recovery.  The district court thus held that the *Derouen* exceptions did not apply and dismissed, without prejudice, Dalton's suit for lack of standing.

A careful review of the record in this case, a full consideration of the parties' briefs on appeal, and a thorough analysis of the district court's ruling lead us to conclude that the district court's judgment was correct.  The district court properly determined that Dalton lacked standing under Mississippi law to pursue her direct claim against McLarty.  Therefore, we AFFIRM the district court's decision, essentially for the reasons articulated in its memorandum opinion and order.